UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 16 CR 463-15 |
| | ) | |
| WILLIAM HAYSLETTE, | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| *Defendant.* | ) | |

**OPINION AND ORDER**

Pending before the Court is Defendant William Hayslette's Motion for Reduced Sentence, (Dkt. 3273). For the reasons below, the Court grants Hayslette's Motion [3273].

**I.     BACKGROUND**

Hayslette joined the Latin Kings gang in 2012 when he was 16 years old as a member of the gang's 97th Street Chapter in Chicago, Illinois. (Dkt. 1335 at 6); (Dkt. 3275 at 2). In February 2018, Hayslette was charged, along with 34 other defendants, with one count of conspiracy to commit racketeering activity in violation of 18 U.S.C. § 1962(d) and one count of assault in aid of racketeering activity in violation of 18 U.S.C. §§ 1959(a)(3). (Dkt. 593). Hayslette plead guilty to both charges in November 2018. (Dkt. 1335). He admitted that, as a member of the Latin Kings gang, he had agreed to protect Latin King territory from rival gangs through attacks and shootings and to punish members who were suspected of cooperating with law enforcement. (*Id.* at 2-7, 10). He also admitted that he had participated in an attack against a rival gang member in May 2012 wherein a co-defendant stabbed and killed that individual. (*Id.* at 7-10).

At the time of sentencing in 2021, the applicable guidelines range was 360–480 months' imprisonment, based on a criminal history category of III and a total offense level of 40. (Dkt. 2550 at 1). Hayslette's placement in criminal history category III reflected three criminal history

1

points and two status points under USSG §4A1.1(d). (Dkt. 1757 ¶¶ 67-69). The total offense level reflected the offense level of 43 for the underlying racketeering activity of assault (the greater of the three offense levels for the three racketeering activities Hayslette engaged in) and a three-level downward adjustment for Hayslette's acceptance of responsibility. (*Id.* at ¶¶ 28-59).

On October 14, 2021, the Court sentenced Hayslette to 360 months' imprisonment: 180 months each for Counts I and II. (Dkt. 2549); (Dkt. 2550). The Court further imposed three years of supervised release and a $200 special assessment. (Dkt. 2550 at 5). In imposing the lower-end-of-the-guideline sentence, the Court considered Hayslette's criminal history and pattern of violence while a member of the Latin Kings gang along with his sincere statement of remorse and period of pretrial detention during the COVID-19 pandemic. (Dkt. 2550 at 5). In imposing the sentence, the Court noted that "the seriousness of the offense cannot be overstated" and noted the need to sanction Hayslette for his conduct and deter others from committing similar offenses. (*Id.*). The Seventh Circuit affirmed Hayslette's sentence on appeal. *United States v. Hayslette*, 2022 WL 4298135, at *1 (7th Cir. Sept. 19, 2022). Hayslette's projected release date is November 26, 2041. (Dkt. 3273 at 2). On April 30, 2025, Hayslette moved for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines, (Dkt. 3273), which the Government opposes, (Dkt. 3275).

## II. DISCUSSION

Section 3582(c)(2) allows a district court to reduce a defendant's sentence if they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court can make such a

reduction that is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

When considering a proposed sentence reduction based on a Guidelines amendment, the Court conducts a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the Court must determine Hayslette's eligibility for a sentence reduction. *Id.* at 827. Then, the Court must consider any applicable § 3553(a) factors and use its discretion to determine whether any authorized reduction is warranted. Section 3582(c)(2) "does not authorize a resentencing." *Id.* at 831. "Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Id.* This Court may only reduce a sentence if the pertinent amendment would effectively lower the defendant's applicable guideline range. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

### A. Amendment 821

The Government concedes that Hayslette is eligible for a sentence modification under Part A to Amendment 821. (Dkt. 3275 at 12). In Part A to Amendment 821 to the Sentencing Guidelines, effective November 1, 2023, the Sentencing Commission inserted § 4A1.1(E)—limiting the impact of "status points" or the additional criminal history points given to defendants who committed their instant offense while under a criminal justice sentence. According to the amended provision, which applies retroactively, a person with less than seven criminal history points does not receive any status points. *See* § 1B1.10(e)(2). Because Hayslette received three criminal history points under §4A1.1(a)-(d), he would not receive any status points under the amended version of § 4A1.1. Hayslette would therefore receive a total of three criminal history points instead of five, lowering his criminal history category from III to II and lowering the applicable guideline range from 360–480 months' imprisonment to of 324-405 months'

3

imprisonment. U.S.S.G. § 4A1.1(e); U.S.S.G. Ch. 5 Pt. A. Accordingly, his sentence may be reduced should the § 3553(a) factors weigh in his favor. *Dillon*, 560 U.S. at 826.

### B. Section 3353(a) Factors

Considering Amendment 821's changes to Hayslette's applicable Guidelines range, Hayslette asks the Court to reduce his term of incarceration from 360 months to 324 months. (Dkt. 3273 at 5). He argues that such a reduction is appropriate based on the application of the Section 3553(a) factors—namely the need to avoid unwarranted sentence disparities and his personal history and characteristics. (*Id.* at 10-15).

Section 3553(a)(6) requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, including between co-defendants." *United States v. Cui*, 2026 WL 73014, at *13 (7th Cir. Jan. 9, 2026) (citing *United States v. Moore*, 50 F.4th 597, 603 (7th Cir. 2022)). Hayslette contends that maintaining his sentence of 360 months would create an unwarranted disparity because it is a harsher sentence than what several of his co-defendants received for similar conduct. (Dkt. 3273 at 10-13). Hayslette identifies Geronia Ford, one of the co-defendants, as "the most straightforward comparator." (Dkt. 3273 at 10). Ford and Hayslette were both involved in the attack of a rival gang member in 2012, but Ford was the one who ultimately killed the individual. (*Id.* at 10). Ford was given a guideline range of 324-405 months based on an offense level of 41 and a criminal history category of I. (Dkt. 2470 at 14). He was sentenced to 348 months' imprisonment. (Dkt. 2523); (Dkt. 2524). Hayslette also points to the sentences of several other co-defendants: Alonso Horta was sentenced to 324 months for racketeering with a murder predicate (Dkts. 2284, 2285); Miguel Denava was sentenced to 360 months for racketeering and assault (Dkts. 2365, 2366); and Thomas Luczak was sentenced to 240 months of racketeering (Dkts. 2033, 2034). The Government argues

4

that Hayslette's sentence should remain unchanged because there are material distinctions between Hayslette and his co-defendants that the Court accounted for when it sentenced Hayslette originally. (Dkt. 3275 at 12-13).

      The key differences between Hayslette and his co-defendants are their criminal history records and criminal conduct within the conspiracy. With respect to Ford, Hayslette's closest comparator, Hayslette has multiple prior adult convictions where Ford has none. (Dkt. 1757 at 14-15); (Dkt. 2412 at 14-15). This is reflected in the fact the Hayslette has a criminal history level of II under Amendment 821 while Ford has a criminal history level of I. Yet, the Court noted during Ford's sentencing that he only had a low criminal history category because he had not been charged for his past criminal acts, and that his criminal history was not accurately represented. (Dkt. 2570 at 57:1-19). With regard to their crime, Hayslette attacked the victim, and Ford subsequently stabbed him, resulting in his death. (Dkt. 1757 at 8); (Dkt. 2412 at 7-8). The same analysis applies when comparing Hayslette's modified Guidelines range to those of the other co-defendants; the Court acknowledges the similarities and differences between the co-defendants' criminal histories and conduct in the conspiracy. Accordingly, to ensure consistency among sentences, the Court alters Hayslette's sentence so that it falls, like his original sentence, at the low end of the applicable Guidelines range. *See e.g.United States v. Morgan*, 2025 WL 3171215, at *3 (N.D. Ill. Nov. 12, 2025).

      The Court cannot reduce Hayslette's sentence below 324 months, which is the low end of his amended Guidelines range. *See* U.S.S.G. § 1B1.10(b)(2). Moreover, any reduction beyond 324 months would be inappropriate given the seriousness of the offense and Hayslette's criminal history. Hayslette was a member of the notorious Latin Kings gang, and he committed brutal and senseless acts of violence during his tenure. (Dkt. 1757 at 7-9). A sentence reduction beyond 324

5

months would undermine the seriousness of Hayslette's crimes and the sentence's value in providing just punishment, promoting respect for the law, deterring others from committing similar crimes, and protecting the public. A modified sentence of 324 months' imprisonment balances these important considerations with the equally as significant need to avoid unwarranted sentence disparities, while acknowledging Hayslette's demonstrated commitment to rehabilitation while incarcerated.

## CONCLUSION

For the reasons above, the Court grants Hayslette's Motion for Sentence Reduction [3273] and reduces Hayslette's sentence to 324 months' imprisonment: 162 months for Count I and 162 months for Count II. The supervised release term and all other aspects of the original judgment remain unchanged.

_____
Virginia M. Kendall
United States District Judge

Date: February 9, 2026